| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: DISTRICT OF DELAWARE | |
| Case number (if known) _____ | Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
Masten Space Systems, Inc.

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names  
FDBA  Masten, Masten Space

**3. Debtor's federal Employer Identification Number (EIN)**  
20-2297098

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1570 Sabovich St<br>Mojave, CA 93501<br>Number, Street, City, State & ZIP Code | 741 Monroe Drive<br>Atlanta, GA 30308<br>P.O. Box, Number, Street, City, State & ZIP Code |
| Kern<br>County | **Location of principal assets, if different from principal place of business**<br>1570 Sabovich Street Mojave, CA 93501<br>Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**  
www.masten.aero

**6. Type of debtor**  
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor  **Masten Space Systems, Inc.**                                  Case number (*if known*)
                Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__3364__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

Debtor **Masten Space Systems, Inc.** Case number (*if known*)
　　　　Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | | Relationship | |
|---|---|---|---|
| District | | When | Case number, if known |

**11. Why is the case filed in *this district*?**

Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
■ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

■ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　What is the hazard?　**Explosive/hazarous chemicals**

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

■ Other　**Certain assets are subject to the International Traffic in Arms Regulations (ITAR) and/or the Export Administration Regulations (EAR). These assets may not be made available to non-'U.S. Persons,' as that term is defined in 22 CFR 120.15.**

**Where is the property?**　**1570 Sabovich St**
　　　　　　　　　　　　**Mojave, CA, 93501-0000**
　　　　　　　　　　　　Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
■ Yes.　Insurance agency　**Chubb Insurance**
　　　　Contact name　　**Agent: Daulton Easterling - Direct Dial (770) 635-1363**
　　　　Phone　　　　　**1 (866)324-8222**

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:
☐ Funds will be available for distribution to unsecured creditors.
■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49　　　　　　☐ 1,000-5,000　　　　☐ 25,001-50,000
■ 50-99　　　　　　☐ 5001-10,000　　　　☐ 50,001-100,000
☐ 100-199　　　　　☐ 10,001-25,000　　　☐ More than100,000
☐ 200-999

**15. Estimated Assets**

☐ $0 - $50,000　　　　　☐ $1,000,001 - $10 million　　　☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000　　■ $10,000,001 - $50 million　　☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000　　☐ $50,000,001 - $100 million　　☐ $10,000,000,001 - $50 billion

Debtor **Masten Space Systems, Inc.**  Case number (*if known*)
      Name

|  |  |  |
|---|---|---|
|  | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ☐ $1,000,001 - $10 million
- ☒ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | Masten Space Systems, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 28, 2022**
MM / DD / YYYY

X _[signature]_                                         **David Masten**
Signature of authorized representative of debtor            Printed name

Title  **President and Chief Technology Officer**

**18. Signature of attorney**

X  **/s/ Jeffrey R. Waxman**                                Date  **July 28, 2022**
Signature of attorney for debtor                                   MM / DD / YYYY

**Jeffrey R. Waxman**
Printed name

**Morris James LLP**
Firm name

**500 Delaware Avenue**
**Suite 1500**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-888-6800**           Email address  **jwaxman@morrisjames.com**

**4159 DE**
Bar number and State

# Masten Space Systems, Inc.
# Resolution of Board of Directors

A Delaware Company

Acting by written consent, the undersigned, the board of directors of Masten Space Systems, Inc., a corporation organized under the laws of the State of Delaware (the "**Company**"), waive notice of a meeting, and consent to and adopt the following resolutions as the action of the Company in lieu of a meeting and direct that this written consent be delivered to the Company for filing with the minutes of proceedings of the Company.

**WHEREAS**, the members of the Board of Directors (the "**Board**") of the Company has (a) regularly and carefully reviewed the materials and other information presented by the Company's management and advisors regarding the Company's business conditions, the Company's operations, its current and projected financial position, and other relevant information; (b) thoroughly evaluated the Company's strategic alternatives, including a possible restructuring; (c) conferred extensively with the Company's management and advisors regarding these matters; (d) determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") is in the best interest of the Company, its creditors, its stockholders, and other interested parties; (e) determined that the entry into the Credit Documents (as defined herein) is in the best interest of the Company, its creditors, its stockholders, and other interested parties; (f) determined that entry into the Sale Transaction (as defined herein) is in the best interest of the Company, its creditors, its stockholders and other interested parties; and (g) determined that it is in the best interest of the Company, its creditors, its stockholders, and other interested parties that the Company's retain the Professionals (as defined herein).

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the undersigned, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, that the Company seek relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").

**RESOLVED FURTHER**, that David Masten, Michael Adams, Jenna Edwards, and Sean Bedford (each, an "**Authorized Person**") be, and each of them hereby is, acting singly, authorized to take all such steps and do all such acts and things as they shall deem necessary or advisable to commence the Chapter 11 Case, including but not limited to executing, verifying, and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), the making of any and all other necessary filings with the Bankruptcy Court, and any other filings that such Authorized Persons determine to be necessary or advisable, the making and execution of any necessary or advisable instruments, certificates, affidavits, declarations, or other documents in connection therewith, the signing or endorsement of any checks, posting of any bonds, and the payment of any fees and expenses in such connection, and to take any and all action to make, execute, verify, and file all applications, certificates, documents, or other instruments and to do any and all acts and things that any one or more of them shall deem necessary, advisable, or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolution.

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take all actions necessary or appropriate for the Company to obtain post-petition financing according to the terms negotiated by such Authorized Person, including under one or more debtor-in-possession credit facilities, and to effectuate the foregoing, to enter into such loan agreements, documents, notes, guaranties, security agreements, pledge agreements, and all other documents, agreements, or instruments (collectively, the "***Credit Documents***") as may be deemed necessary or appropriate by such Authorized Person.

**RESOLVED FURTHER,** that, in the Chapter 11 Case, the Company is authorized to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Person, as is reasonably necessary for the continuing conduct of the affairs of the Company.

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take all actions necessary or appropriate for the Company to file with the Bankruptcy Court a motion seeking approval of, among other things, (a) a sale of the Company's SpaceX launch credit (the "***Sale Transaction***") pursuant to a stalking horse asset purchase agreement with Intuitive Machines, LLC and (b) a sale of the Company's remaining assets to one or more purchases, each of which will be finalized, approved by the Board of the Company and filed with the Bankruptcy Court following the commencement of the Chapter 11 Case (the "***APA***").

**RESOLVED FURTHER**, that in the judgment of the Board, it is desirable and in the best interest of the Company, its creditors, its stockholders and other interested parties, that the Company shall be, and hereby is, authorized to engage in a marketing process to resolicit parties for their interest in the Company's assets, to ensure the APA provides the highest or otherwise best offer for the Company's assets (the "***Marketing Process***").

**RESOLVED FURTHER,** that each Authorized Person be, and hereby is, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings, and other documents, agreements, and papers, including all Credit Documents, and to take any and all actions that the Authorized Person deems necessary or appropriate, each in connection with the Chapter 11 Case, any post-petition financing or any cash collateral usage contemplated hereby or thereby.

**RESOLVED FURTHER,** that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to employ and retain the law firm of Morris James LLP to act as attorneys for the Company in connection with the Chapter 11 Case.

**RESOLVED FURTHER,** that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to employ and retain the law firm of Alston & Bird LLP to act as corporate counsel for the Company.

LEGAL02/41850979v2

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to employ and retain the firm of Gavin/Solmonese LLC as financial advisor for the Company.

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting, and bankruptcy services firms (together with the foregoing identified firms, the "***Professionals***") as may be deemed necessary or appropriate by any Authorized Person to assist the Company in carrying out its responsibilities in the Chapter 11 Case and achieving a successful reorganization.

**RESOLVED FURTHER**, that, each Authorized Person be, and hereby is, authorized, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement, or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings, and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Person shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of these resolutions.

**RESOLVED FURTHER**, that all acts lawfully done or actions lawfully taken by any officer of the Company or any of the Professionals in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

**RESOLVED FURTHER**, that any and all actions, whether previously or subsequently taken by any Authorized Person or any other person authorized to act by an Authorized Person, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved, and confirmed.

**IN WITNESS WHEREOF**, the foregoing resolutions are adopted by the following directors of Masten Space Systems, Inc., as of July 28, 2022.



David Masten, Director

Joel Scotkin, Director

**Fill in this information to identify the case:**

Debtor name: **Masten Space Systems, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 28, 2022**       X _/s/ David Masten_
                                        Signature of individual signing on behalf of debtor

                                        **David Masten**
                                        Printed name

                                        **President and Chief Technology Officer**
                                        Position or relationship to debtor

Fill in this information to identify the case:

Debtor name: **Masten Space Systems, Inc.**
United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**
Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Space Exploration Technologies Corp. 1 Rocket Road Hawthorne, CA 90250 | Jessica Comfort jessica.comfort@spacex.com | Vendor Debt | Contingent | | | $4,621,875.00 |
| Psionic, LLC 1100 Exploration Way Hampton, VA 23666 | Robin Loeffler rloeffler@psionic.ai | Vendor Debt | Contingent | | | $2,780,000.00 |
| Astrobotic Technology Inc. 1016 North Lincoln Avenue Pittsburgh, PA 15233 | ap@astrobotic.com | Vendor Debt | Contingent | | | $2,724,567.50 |
| NuSpace 4401 Donald Douglas Drive Long Beach, CA 90808-1732 | lmyers@nuspace.us | Vendor Debt | Contingent Disputed | | | $1,694,738.00 |
| Frontier Aerospace, Inc. 4109 Guardian Street, Unit A Simi Valley, CA 93063 | accountsreceivable@frontier.us | Vendor Debt | Contingent | | | $1,168,259.00 |
| Space Micro 15378 Avenue of Science San Diego, CA 92128-3451 | mdowd@spacemicro.com | Vendor Debt | Contingent | | | $951,019.82 |
| Agile Space Industries 1514 Main Ave Durango, CO 81301 | Andrew Thompson andrew.thompson@agilespaceindustries.com | Vendor Debt | Contingent | | | $770,000.00 |

| Debtor | Masten Space Systems, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Rock West Composites, Inc.<br>7625 Panasonic Way<br>San Diego, CA 92154 | karen.turley@1rockwest.com | Vendor Debt | Contingent | | | $751,461.00 |
| Marotta Controls, Inc.<br>76 Boonton Ave.<br>PO Box 427<br>Montville, NJ 07045 | Ryan Hourihan<br><br>rhourihan@marotta.com | Vendor Debt | Contingent | | | $704,472.62 |
| Airbus Defence and Space Netherlands B.V<br>Mendeiweg30<br> Leiden CS 2333<br>Netherlands | Marloes Van Put<br><br>m.van.put@airbusds.nl | Vendor Debt | Contingent | | | $524,600.00 |
| Arde, Inc.<br>875 Washington Ave.<br>Carlstadt, NJ 07072 | Sean Grover<br><br>s.grover@ardeinc.com | Vendor Debt | Contingent | | | $506,776.00 |
| Quartus Engineering Inc.<br>10251 Vista Sorrento Parkway, Suite 250<br>San Diego, CA 92121-3776 | Andrea Cuneo, Chief of Staff<br><br>andrea.cuneo@quartus.com<br>(858) 875-6039 | Vendor Debt | Contingent | | | $455,757.75 |
| ABSL Power Solutions, Inc.<br>1751 S. Fordham St, Suite 100<br>Longmont, CO 80503 | sara.youngwirth@eas.enersys.com | Trade | Contingent | | | $386,596.00 |
| Wallace & Smith Contractors<br>3325 Landco Drive<br>Bakersfield, CA 93308 | Paul Cooper, President<br><br>cjoiner@wallacesmith.com,<br>CCooper@wallacesmith.com | Vendor Debt | Contingent | | | $322,099.59 |
| Norman Filter Company<br>3394 Paysphere Circle<br>Chicago, IL 60674 | Jeff Burkett<br><br>jeffburkett@normanfilters.com<br>(800) 207-6045 | Vendor Debt | Contingent | | | $195,525.00 |
| Columbia Tool and Die<br>301 Old Barnwell Rd<br>West Columbia, SC 29170 | Damon Groom<br><br>d.groom@columbiatoolanddie.com | Vendor Debt | Contingent | | | $177,000.00 |

Debtor **Masten Space Systems, Inc.**                                            Case number *(if known)*
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Ecliptic Enterprises Corporation 398 W Washington Blvd # 100 Pasadena, CA 91103 | ecapulong@eclipticenterprises.com (626) 798-2436 | **Vendor Debt** | **Contingent Disputed** | | | $150,000.00 |
| Moog CSA Engineering 75 Remittance Drive, Dept 3161 Chicago, IL 60675-3161 | Eric Stellrecht estellrecht@moog.com | **Vendor Debt** | **Contingent** | | | $117,117.00 |
| MDA Space & Robotics Ltd Atlas Building (R27) Fermi Avenue, Harwell Campus Didcot Oxfordshire OX110QX | Jason Grow jason.gow@mdaspace.uk | **Vendor Debt** | **Contingent** | | | $106,830.90 |
| P3 Technologies LLC 840 jupiter Park Drive Suite 110 Jupiter, FL 33458 | Phil Pelfrey phil.pelfrey@p3-tech.com | **Vendor Debt** | **Contingent** | | | $97,370.11 |

# United States Bankruptcy Court
## District of Delaware

In re **Masten Space Systems, Inc.**
Debtor(s)

Case No.
Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Marcy Anderle<br>550 S. Palos Verdes St No849<br>San Pedro, CA 90731 | | 0.12 | Common |
| Matthew Bergman<br>4170 Avati Drive<br>San Diego, CA 92117 | | 0.25 | Common |
| Jonathan Goff<br>124 Gold Hill Drive<br>Lafayette, CO 80026 | | 2.33 | Common |
| Ian Kluft<br>1708 Goldentree Drive<br>San Jose, CA 95131 | | 1.75 | Preferred (A-1, A) |
| Matthew Kuhns<br>12016 Rock Creek Ct.<br>Hawthorne, CA 90250 | | 0.36 | Common |
| Sean Lynch<br>10534 Stiles Way<br>San Jose, CA 95127 | | 1.34 | Preferred (A-1, A) |
| Sean Mahoney<br>21 Oakridge Ave NE<br>Atlanta, GA 30317 | | 13.97 | Common |
| David Masten<br>1570 Sabovich Street<br>Mojave, CA 93501 | | 18.65 | Common |
| Michael Mealling<br>1228 S Street SE<br>Washington, DC 20003 | | 2.33 | Common |
| Ian Moore<br>17975 Laurel Wood Lane<br>Morgan Hill, CA 95037 | | 1.67 | Common |
| Pierce Nichols<br>8006 213th Street SW<br>Edmonds, WA 98026 | | 2.33 | Common |
| Scott Nietfeld<br>22600 Shenandoah Place<br>Tehachapi, CA 93561 | | 0.17 | Common |

In re: **Masten Space Systems, Inc.**                                         Case No. _____

                                   Debtor(s)

# LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Nathan O'Konek**<br>**505 A1A N**<br>**Ponte Vedra Beach, FL 32082** | | **0.67** | Common |
| **Reuben Garcia**<br>**10460 Jeremy Drive**<br>**California City, CA 93505** | | **2.41** | Common |
| **Joel Scotkin**<br>**444 Central Park West APT 7A**<br>**New York, NY 10025** | | **51.67** | Preferred (A,B) |

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, the President and Chief Technology Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  7/28/2022                                      Signature  /s/ David Masten
                                                                David Masten

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

List of equity security holders consists of 2 total page(s)

# United States Bankruptcy Court
### District of Delaware

In re  **Masten Space Systems, Inc.**                                              Case No.  
                                    Debtor(s)                                               Chapter  **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  **Masten Space Systems, Inc.**  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☑ None [*Check if applicable*]

| | |
|---|---|
| July 28, 2022 | /s/ Jeffrey R. Waxman |
| Date | **Jeffrey R. Waxman** |
| | Signature of Attorney or Litigant |
| | Counsel for  **Masten Space Systems, Inc.** |
| | **Morris James  LLP** |