# **EXHIBIT A**

Proposed Interim Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MASTEN SPACE SYSTEMS, INC.,[1] | Case No. 22-10657 (BLS) |
| Debtor. | **Re: Docket No. \_\_\_** |

## INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE OPERATING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PRE-PETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtor and debtor in possession (the "**Debtor**"), seeking entry of an order (this "**Interim Order**"), pursuant to sections 105, 345, and 363 of the Bankruptcy Code, rules 6003 and 6004 of the Bankruptcy Rules, and rule 2015-2 of the Local Rules, on an interim basis, (i) authorizing the Debtor to (a) continue operating the Cash Management System, (b) honor and pay the Bank Fees in the normal course, including any pre-petition Bank Fees, (c) maintain existing business forms, and (d) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the

---

[1] The Debtor's mailing address is 1570 Sabovich St, Mojave, CA 93501. The last four digits of the Debtor's federal tax identification number is 7098.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

13734971/1

Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, in its sole discretion, to continue operating the Cash Management System and to honor their pre-petition obligations related thereto.

3. The Debtor shall maintain accurate and detailed records of all transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions.

4. The Debtor is further authorized, subject to this Interim Order, to (i) continue to use, with the same account number, the Bank Accounts in existence as of the Petition Date, (ii) use, in its present form, all business forms, including letterhead, purchase orders, invoices, checks, and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtor's status as debtor in possession; provided, however, that to the extent the Debtor exhausts its existing supply of checks during this case, the Debtor shall reorder checks with the designation "Debtor in Possession" and the case number; and provided, further, that with respect to checks which the Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor in Possession" legend and the bankruptcy case number on such items within ten (10) days of the date of entry of this Interim Order, (iii) treat the Bank Accounts for all purposes

2

as accounts of the Debtor as debtor in possession, (iv) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, debits, or other similar means, (v) honor and pay any ordinary course pre-petition or post-petition Bank Fees incurred in connection with the Bank Accounts and to otherwise perform its obligations under the documents governing the Bank Accounts.

5. The Bank is authorized, but not obligated, to receive, process, honor, and pay all checks and electronic payment requests when processed for payment (or to reissue checks, electronic payment requests, drafts, or other forms of payment made, drawn, or issued on the Debtor's accounts, as applicable and necessary); provided, in each case, that sufficient funds are on deposit in the applicable account to cover such payment. The Bank is authorized to rely on the Debtor's designation of any particular check, electronic payment request, draft, or other form of payment as approved by this Interim Order.

6. The Bank is authorized, but not obligated, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts, after the petition date by the holders or makers thereof, as the case may be. Those certain existing deposit agreements, between the Debtor and the Bank shall continue to govern the post-petition cash management relationship between the Debtor and the Bank, and all the provisions of such agreements, including, without limitation, the termination and fee provisions, and any provisions relating to the offset or charge back rights, shall remain in full

3

force and effect.

7. The Debtor shall have the later of (i) thirty days from the Petition Date, (ii) fifteen days after entry of a final order granting the Motion, or (iii) such additional time to which the the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") may agree in writing, to bring the Pac West Bank Accounts into compliance with section 345(b) of the Bankruptcy Code, or to make such other arrangements as are agreed to by the U.S. Trustee or approved by the Court.

8. For banks at which the Debtor holds bank accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Interim Order the Debtor shall (a) contact each bank, (b) provide the bank with each of the Debtor's employer identification number and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case, and provide the case number.

9. For banks at which the Debtor holds accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtor shall use its good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Interim Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

10. The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; provided, however, that the Debtors give notice within fifteen (15) days to the U.S. Trustee and

4

any statutory committees appointed in these chapter 11 cases; provided, further, however that the Debtors shall open any such new bank account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement.

11. The Bank shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issues stop payment orders in accordance with the documents governing such Bank Accounts.

12. The Debtor and the Bank may, without further Order of this Court, agree to and implement non-material changes to the Cash Management System and procedures in the ordinary course of business. The Debtor may open and close the Bank Accounts without further order from this Court, <u>provided</u>, <u>that</u>, prior to opening any new bank accounts or closing the Bank Accounts, the Debtor shall provide at least fifteen (15) days' notice of its intentions with respect thereto, to (i) the U.S. Trustee, (ii) counsel to the Debtor's post-petition secured lenders, and (iii) counsel to any official committee appointed in these case; <u>provided</u>, <u>further</u>, that that Debtor shall only open any such new accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee or at such banks that are willing to promptly execute such an agreement.

13. The relief granted in this Interim Order is extended to any new bank account opened by the Debtor in the ordinary course of business after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Bank.

14. The Debtor is hereby granted an extension of time to comply with the requirements

5

of 11 USC § 345(b) for a period of thirty (30) days, without prejudice to the Debtor's right to seek a further extension.

15. Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment, deposit or other transfer made pursuant to this Interim Order, any authorization contained in this Interim Order, or any claim for which payment is authorized hereunder, shall in all respects be in compliance with, and subject to, the terms and provisions of that certain Superpriority Senior Secured Debtor-In-Possession Term Credit Facility Credit Agreement, dated August 9, 2022, between the Debtor and DIP Lender (the "Credit Agreement"), the Interim Order (A) Authorizing Debtor to Obtain Postpetition Financing Pursuant to Bankruptcy Code Section 364, (B) Granting Liens and Superpriority Claims on a Permanent Basis Pursuant to Bankruptcy Rule 4001(c), and (C) Granting Related Relief (the "DIP Order"), and the DIP Budget (as defined in the Credit Agreement). In the event of any conflict between this Interim Order and the DIP Order, the terms of the DIP Order shall govern.

16. Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any authorization contained herein and the Debtor's authority to pay any amounts referenced in the Motion or this Interim Order shall in all respects be subject to the DIP Budget unless and until all DIP Obligations (as defined in the Credit Agreement and the DIP Order) are indefeasibly repaid in full.

17. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any

claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

18. Entry of this Interim Order is necessary to avoid immediate and irreparable harm. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

19. Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a). Notwithstanding Bankruptcy Rule 6004(h), 7062 and 9014, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

20. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

21. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.