**Exhibit 4**

**Cure Notice**

13752997/1

13756635/1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MASTEN SPACE SYSTEMS, INC.,[1] | Case No. 22-10657 (BLS) |
| Debtor. | **Re: Docket No.** ___ |

**NOTICE OF ASSUMPTION AND CURE COST WITH RESPECT TO EXECUTORY
CONTRACTS OR UNEXPIRED LEASES POTENTIALLY TO BE ASSUMED AND
ASSIGNED OR SUBJECT TO NOVATION IN CONNECTION WITH SALE OF THE
DEBTOR'S ASSETS**

**PLEASE TAKE NOTICE THAT:**

1. The above-captioned debtor (the "Debtor") has entered into an Agreement (the "Agreement") with Astrobotic Technology, Inc. ("Astrobotic" or the "Stalking Horse Bidder") for the sale of substantially all of the Debtor's assets subject to a competitive bidding process. On August 14, 2022, the Debtor filed a *Motion for an Order Approving (I)(A) The Debtor's Entry Into Stalking Horse Agreement and Related Bid Protections; (B) The Bidding Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (C) The Form and Manner of Notice of the Sale Hearing and Auction Results, and (D) Dates for an Auction and Sale Hearing, (II) The Sale of Certain of the Debtor's Assets Free and Clear of all Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (III) Granting Related Relief* [D.I. 38] (the "Bidding Procedures Motion").[2] The proposed order for the Bidding Procedures Motion seeks, among other things to, (i) authorize a process for the assumption and assignment (or novation, if applicable) of executory contracts or unexpired leases (collectively, the "Designated Contracts and Leases"), (ii) set deadlines for the objection to the sale, including deadlines to object to cure amounts due in connection with the Designated Contracts and Leases and to object to adequate assurance of future performance under Section 365(b) of the Bankruptcy Code, and (iii) set a deadline for the Successful Bidder(s) to determine whether the Designated Contracts and Leases are to be assumed and assigned. A hearing to consider the Bidding Procedures Motion is scheduled for **August 31, 2022 at 10:00 a.m. (ET).**

2. The Debtor hereby provides notice that it may assume and assign the Designated Contracts and Leases listed on **Exhibit A** hereto to the Stalking Horse Bidder or successful bidder (the "Successful Bidder") at the Auction (if necessary) for the Debtor's assets. The Debtor also hereby provides notice that it may seek the novation of certain contracts with governmental entities ("Governmental Contracts") listed on **Exhibit B** hereto to the Successful Bidder. The inclusion of any Designated Contract or Lease or Governmental Contract does **not** require or guarantee that

---

[1] The Debtor's mailing address is 1570 Sabovich St, Mojave, CA 93501. The last four digits of the Debtor's federal tax identification number is 7098.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bidding Procedures Motion.

13753855/1

13756634/1

such executory contract or unexpired lease will be assumed and assigned, or the subject of novation. Nor does the inclusion of any Designated Contract or Lease or Governmental Contract guarantee that such contract is executory or such lease is unexpired. Further, the rights of the Debtor and Successful Bidder to withdraw the designation of any contract from the list of Designated Contracts and Leases and Governmental Contracts at any time through and including **October 10, 2022,** are expressly reserved.

3. Set forth on **Exhibits A** and **B** are the amounts that the Debtor believes must be paid or actions or obligations that must be performed or satisfied pursuant to the Bankruptcy Code (the "Cure Cost") to effectuate (i) the assumption by the Debtor, and the assignment to the Successful Bidder as part of any assumption and assignment, or (ii) novation.

4. No later than **September 2, 2022,** the Debtor will provide counterparties to the Designated Contracts and Leases and Governmental Contracts (the "Contract Counterparties") with information regarding adequate assurance of future performance ("Adequate Assurance Information") from the Stalking Horse Bidder. If the Stalking Horse Bidder is not the Successful Bidder, no later than **September 7, 2022**, the Debtor will provide Contract Counterparties with information regarding Adequate Assurance Information from the Successful Bidder.

5. Subject to entry of an Order by the Bankruptcy Court to the contrary, objections, if any, by the Contract Counterparties to the assumption and assignment (or novation) of a Designated Contract or Lease or Governmental Contract to the proposed Cure Cost, and/or the Adequate Assurance Information (a "Contract Objection") must be filed and served so as to actually be received no later than **4:00 p.m. (ET) on September 12, 2022.**

6. If a Contract Objection is timely filed and received and the applicable entities are unable to consensually resolve the dispute, the amount to be paid under section 365 of the Bankruptcy Code, if any, with respect to such objection will be determined at a hearing to be requested by the Debtor and the Successful Bidder after consultation with the Contract Counterparty that filed the Contract Objection.

7. If no Contract Objection for a Designated Contract and Lease is timely filed by a Contract Counterparty and received in accordance with the Bidding Procedures Order, then: (a) such Contract Counterparty will be deemed to have consented to the assumption and assignment of the Executory Contract or Lease; (b) such Contract Counterparty will be forever barred and estopped from asserting any objection to the propriety or effectiveness of the assumption and assignment of the Designated Contract and Lease against the Debtor, a Successful Bidder, any assignee of the Designated Contract and Lease, or the property of any of them; (c) the Cure Cost set forth on the Cure Notice for such Designated Contract and Lease shall be controlling and such Contract Counterparty will be deemed to have consented thereto, notwithstanding anything to the contrary in the Executory Contract or Lease or otherwise; and (d) such Contract Counterparty will be forever barred and estopped from objecting to the Cure Cost or asserting any claims, other than the Cure Costs, against the Debtor, the Stalking Horse Bidder, a Successful Bidder, any assignee of the Scheduled Contract, or the property of any of them.

13753855/1

13756634/1

8. If no Contract Objection for a Governmental Contract is timely filed by a governmental entity and received in accordance with the Bidding Procedures Order, then (a) the Cure Cost set forth on the Cure Notice shall be controlling for such governmental entity; and (b) such governmental entity will be forever barred and estopped from objecting to the Cure Cost or asserting any claims, other than the Cure Costs, against the Debtor, the Stalking Horse Bidder, a Successful Bidder, any assignee of the Governmental Contract, or the property of any of them. Notwithstanding the foregoing, a failure to file a Contract Objection by a governmental entity does not waive any requirement for the consent to any novation for any Governmental Contract.

9. In accordance with section 365 of the Bankruptcy Code, there is adequate assurance that the Cure Cost set forth on the Cure Notice will be paid in accordance with the terms of the Sale Order. If necessary, the Debtor will adduce facts at the hearing on any Contract Objection demonstrating the financial wherewithal of the Successful Bidder and its willingness and ability to perform under the Designated Contracts to be assumed and assigned to it.

10. Between **September 9, 2022, and October 10, 2022** (subject to further extension as agreed upon by the Debtor, the Successful Bidder and the Contract Counterparty, the "Designation Period"), the Successful Bidder shall deliver written notice to the Debtor, designating each Designated Contract and Lease on **Exhibit A** as "assumed," or "rejected." Each contract or lease to be assumed by the Debtor and assigned to the Successful Bidder will be so designated as "assumed" and the Debtor shall file a notice with the Court setting forth the Assumed Contracts. The Debtor shall file a notice of novation for all Governmental Contracts for which novation has been agreed upon between the Debtor, the Successful Bidder, and a governmental entity.

11. Any Designated Contracts and Leases and Governmental Contracts that are not assumed and assigned (or novated) by the Successful Bidder during the Designation Period shall be retained by the Debtor, subject to the Debtor's rights to assume or reject such Designated Contracts and Leases and Governmental Contracts.

Dated: August __, 2022

**MORRIS JAMES LLP**

*/s/*_____
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
Sarah M. Ennis (DE Bar No. 5745)
500 Delaware Avenue; Suite 1500
Wilmington, DE  19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail:  bkeilson@morrisjames.com
E-mail:  sennis@morrisjames.com

*Proposed Counsel to the Debtor and Debtor in Possession*