**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MASTEN SPACE SYSTEMS, INC.,[1] | Case No. 22-10657 (BLS) |
| Debtor. | **Obj. Deadline: October 19, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: October 26, 2022 at 10:00 a.m. (ET)** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTOR TO (A) REJECT CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
*NUNC PRO TUNC* TO SEPTEMBER 30, 2022 AND (B) ABANDONING
PROPERTY IN CONNECTION AT LEASEHOLDS TO BE REJECTED**

> **THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY. PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR LEASE(S) ARE SET FORTH IN THE MOTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR LEASE(S).**

The above-captioned Debtor and Debtor-In-Possession (the "Debtor"), hereby moves the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 365 and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 6006, 6007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to reject certain executory contracts and unexpired leases of nonresidential real property identified on Exhibit 1 to the Proposed Order *nunc pro tunc* to September 30, 2022 and abandoning property in connection therewith, and in support of the Motion, the Debtor respectfully represents as follows:

---

[1] The Debtor's mailing address is 1570 Sabovich St, Mojave, CA 93501. The last four digits of the Debtor's federal tax identification number is 7098.

13796159/1

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief sought herein are sections 105(a), 365(a) and 554(a) of title of the United States Code (the "Bankruptcy Code") and Rules 6006, 6007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**INTRODUCTION**

4. By this Motion, the Debtor seeks authority to reject the executory contracts and unexpired leases (collectively, the "Burdensome Contracts") listed on Exhibit 1 to the Proposed Order, effective September 30, 2022. The underlying executory contracts and unexpired leases and (i) provide no benefit to the Debtor's Estate and its creditors, (ii) are no longer being used, and (iii) are not necessary for the Debtor's reorganization. Rejection of the Burdensome Contracts will result in reduced operating costs so rejection is appropriate and will serve the best interest of the Debtor, its estate, and its creditors. Additionally, by and through the Motion, the Debtor seeks to abandon personal property located at leaseholds to be rejected pursuant to Section 554(a) of the Bankruptcy Code.

## BACKGROUND INFORMATION

**A.     The Debtor's Bankruptcy Case**

5.     The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Code Bankruptcy Code on July 28, 2022 (the "Petition Date"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

6.     Prior to the Petition Date, the Debtor was engaged principally in the business of providing a range of services to the domestic U.S. commercial and governmental space industry, including testing applications, defense applications, and lunar exploration applications.

7.     On September 8, 2022, the Court approved the sale (the "Sale") of substantially all of the Debtor's assets to Astrobotic Technology, Inc. ("Astrobotic") [Docket No. 142]. In connection with the Sale, the Debtor approved a process for the designation of executory contracts and unexpired leases, by and through which Astrobotic has until October 10, 2022 (subject to extension by agreement by the Debtor, Astrobotic, and the nondebtor party to the contract), to have the executory contracts and unexpired leases assumed and assigned (or in the case of contracts with the federal government, novated) to Astrobotic. On September 2, 2022, the Debtor served a notice of Cure Notice of Assumption and Cure Cost with Respect to Executory Contracts or Unexpired Leases Potentially to be Assumed and Assigned or Subject to Novation in Connection with Sale of the Debtor's Assets, together with evidence of adequate assurance of future performance was served on nondebtor parties to executory contracts and unexpired leases [Docket No. 127].

8.     The Sale to Astrobotic closed on September 9, 2022. Since the Sale closed, Astrobotic has provided the Debtor with a list of certain executory contracts and unexpired leases that it does not intend to have the Debtor assume and assign. Each of the Burdensome Contracts is on the list of executory contracts and unexpired leases that Astrobotics does not intend to have the Debtor assume and assign.

**BASIS FOR RELIEF**

A.  **The Rejection of the Burdensome Contracts Is a Sound Exercise of the Debtor's Business Judgment Rule**

9. The Debtor is authorized to operate its businesses under section 1107(a), which provides that:

> [s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitation or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2)(3) and (4) of this title, of a trustee serving in a case under this chapter.

10. One of the components of operating a business is the ability to assume or reject an executory contract or unexpired lease. Specifically, Bankruptcy Code section 365(a) provides, in relevant part that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Through section 365, a debtor is able "to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization"); *In re Bildisco*, 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").

11. In order to determine whether the assumption or rejection of an unexpired nonresidential lease should be authorized, Courts apply the "business judgment" test, which requires a debtor to have determined that the requested assumption or rejection would be beneficial to its estate. *See Grp. of Institutional Inv'rs, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R.*, 318

U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected . . . is one of business judgment"); *In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *accord In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).

12.     Courts give deference to a debtor's decision to assume or reject leases. *See e.g.*, *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.").

13.     The Burdensome Contracts provide no benefit to the Debtor's Estate and its creditors and add no value to the Debtor's reorganization. The Debtor, in the exercise of its business judgment, has determined to cease business operations at the locations covered by the subject leases. The underlying leased locations are therefore no longer being used and are not necessary for the Debtor's reorganization. Rejection of the Burdensome Contracts will result in a substantial reduction of operating costs. As such, rejection of the Burdensome Contracts is a necessary component of the Debtor's bankruptcy and will serve the best interests of the Debtor, its estate, and its creditors.

14.     In this case, the interests of creditors would best be served if the Burdensome Contracts are rejected. The Burdensome Contracts provide no benefit to the Debtor's estates and in fact are detrimental to the Debtor's bankruptcy case because of the administrative expense associated with the each. Therefore, rejection of the Burdensome Contracts is appropriate.

**B.    Rejection of the Burdensome Contracts as of September 30, 2022 is Appropriate**

15.     Courts in this and other circuits have authorized the rejection of the leases *nunc pro tunc* and held that a bankruptcy court may authorize the retroactive rejection of a nonresidential lease if the balance of the equities favors such retroactive rejection. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion or the date the premises were surrendered); *see also Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, in the context of rejections of executory contracts, "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"). Courts in this jurisdiction recently have authorized debtors to reject unexpired nonresidential leases *nunc pro tunc* to the date that the debtors filed their petitions for bankruptcy protection or the date of the motion. *See, e.g.*, *In re Mac Acquisition LLC*, Ch. 11 Case No. 17-12224 (MFW) (Bankr. D. Del. Nov. 13, 2017); *In re Marsh Supermarkets Holding, LLC*, Ch. 11 Case 17-11066 (BLS) (Bankr. D. Del. May 7, 2017); *In re Ltd. Stores Co.*, Ch. 11 Case No. 17-10124 (KJC) (Bankr. D. Del. Jan. 30, 2017).

16.     In this Case, the balance of the equities favors approval of the rejection of the Burdensome Contracts as of the filing date of this Motion, September 30, 2022. On or prior to

6

13796159/1

September 30, 2023, the Debtor caused the return of the keys and/or codes for all leaseholds to be returned to the landlord. Such rejection *nunc pro tunc* will allow the Debtor to avoid incurring unnecessary administrative expenses.

C.   **Abandonment of Any Property is Authorized by Section 554(a) of the Bankruptcy Code**

17.   Under section 554(a) of the Bankruptcy Code, a debtor, after notice and a hearing, is authorized to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon property is extensive, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither is relevant in this Case.

18.   As a prefatory matter, all of the personal property located at the Debtor's leaseholds was sold to Astrobotic as part of the Sale. Accordingly, the Debtor does not have any interest in such property. The Debtor has inquired whether Astrobotic has any interest in the property remaining the leasehold to be rejected, and Astrobotic has informed the Debtor that it has removed all property from the leasehold to be rejected. Accordingly, to the extent that the Debtor has any interest in any property left at the leaseholds, it is of inconsequential value to the Debtor's estate. Further, to the extent that the Debtor has any interest in any property left at the leaseholds, the costs to the Debtor of removing or storing such property will exceed any economic benefit that may come from retaining such property. Accordingly, in the exercise of its business judgment, the Debtor has determined that abandonment of any remaining property will be in the best interest of the Debtor and its estate.

## **RESERVATION OF RIGHTS**

19. Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

## **NOTICE**

20. The Debtor will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of Delaware; (v) each party (lessor) subject to this Motion; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

21. No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (I) authorizing the Debtor to reject certain executory contracts and unexpired leases of nonresidential real property *nunc pro tunc* to September 30, 2022 (II) authorizing the abandonment of personal property in connection therewith, and (III) granting further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: September 30, 2022<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Jeffrey R. Waxman*<br>Jeffrey R. Waxman (DE Bar No. 4159)<br>Brya M. Keilson (DE Bar No. 4643)<br>Sarah M. Ennis (DE Bar No. 5745)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: jwaxman@morrisjames.com<br>E-mail: bkeilson@morrisjames.com<br>E-mail: sennis@morrisjames.com<br><br>*Counsel to the Debtor and Debtor-in-Possession* |

13796159/1