# **EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MASTEN SPACE SYSTEMS, INC.,[1] | Case No. 22-10657 (BLS) |
| Debtor. | **Re: Docket No. ___** |

**ORDER AUTHORIZING THE DEBTOR TO (A) REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY *NUNC PRO TUNC* TO SEPTEMBER 30, 2022 AND (B) ABANDONING PROPERTY IN CONNECTION AT LEASEHOLDS TO BE REJECTED**

Upon the motion (the "Motion")[2] of the above captioned Debtor and Debtor-In-Possession (the "Debtor"), for entry of an order (i) authorizing the Debtor to reject the Burdensome Contracts, each effective *nunc pro tunc* to September 30, 2022, and (b) abandon any remaining property at leaseholds to be rejected, and (ii) granting related relief; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that

---

[1] The Debtor's mailing address is 1570 Sabovich St, Mojave, CA 93501.  The last four digits of the Debtor's federal tax identification number is 7098.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

13796470/1

the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is GRANTED to the extent set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Burdensome Contracts identified on <u>Exhibit 1</u>, respectively, attached hereto are hereby rejected *nunc pro tunc* to September 30, 2022.

3. The Debtor does not waive any claims that it may have against any counterparty to the Burdensome Contracts, whether or not such claims arise under, are related to the rejection of, or are independent of the Burdensome Contracts.

4. The Debtor is authorized to abandon any property located at the properties subject to the Burdensome Contracts free and clear of all liens, claims, encumbrances, interests, and rights of third parties.

5. Nothing herein shall prejudice the rights of the Debtor to argue that any of the Burdensome Contracts were terminated prior to September 30, 2022; that any claim for damages arising from the rejection of the Burdensome Contracts is limited to the remedies available under any applicable termination provision of such Burdensome Contracts; or that any such claim is an obligation of a third party and not that of the Debtor or its estate.

6. Any proofs of claim for damages in connection with the rejection of the Burdensome Contracts, if any, shall be filed on or before the later of (a) the claims bar date established by the Court in this chapter 11 case, if any, and (b) thirty (30) days after entry of this Order, and nothing herein shall affect or impair the Debtor's rights to object to any rejection claims

on any basis or waive any claims that the Debtor may have against nondebtor party to regardless of whether such claims relate to the Burdensome Contracts.

7. Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect. The Debtor's rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

8. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

9. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

10. Under the circumstances of this chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

12. The Debtor is authorized to take all action necessary to effectuate the relief granted in this Order.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**EXHIBIT 1**

| Contract | PO/Contract Number | Program | Subsystem | Cure Cost | Total Payments by Masten Remaining |
|---|---|---|---|---|---|
| MASP Building 86 Lease | - | Facilities | Lease | $6,540.00 | $0.00 |
| American Electrical Services Corp. | BM111-1943 | Facilities | Bldg 86 Renovation | $24,000.00 | $24,000.00 |
| American Electrical Services Corp. | S1774-1978 | Facilities | Bldg 86 Renovation | $5,213.00 | $5,213.00 |

13796470/1