IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MASTEN SPACE SYSTEMS, INC.,[1] | Case No. 22-10657 (BLS) |
| Debtor. | **Re Docket No. 151, 178** |

**ORDER GRANTING THE DEBTOR'S MOTION
(I) APPROVING ON AN INTERIM BASIS THE ADEQUACY OF DISCLOSURES
IN THE COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION,
(II) SCHEDULING THE CONFIRMATION HEARING AND DEADLINE FOR FILING
OBJECTIONS, (III) ESTABLISHING PROCEDURES FOR SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED PLAN AND
DISCLOSURE STATEMENT, AND APPROVING THE FORM OF BALLOT AND
SOLICITATION PACKAGE, AND (IV) APPROVING THE NOTICE PROVISIONS**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for an Order (i) Approving on an Interim Basis the Adequacy of Disclosures in the Combined Plan and Disclosure Statement, (ii) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (iii) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Disclosure Statement and Plan of Liquidation, and Approving the Form of Ballot and Solicitation Package, and (iv) Approving the Notice Provisions; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; due, adequate and sufficient notice of the Motion having been given; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at

---

[1] The Debtor's mailing address is 1570 Sabovich St, Mojave, CA 93501. The last four digits of the Debtor's federal tax identification number is 7098.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Motion.

13808854/1

a hearing, if necessary, before this Court; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

        **THE COURT HEREBY FINDS AS FOLLOWS:**

        A.      The Combined Plan and Disclosure Statement (the "Plan") contains adequate information within the meaning of section 1125 of the Bankruptcy Code, subject to the Confirmation Hearing.

        B.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

        C.      The contents of the Solicitation Package, Non-Voting Package and Information Package, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Equity Interests in the Debtor.

        D.      The Confirmation Hearing Notice, substantially in the form attached to hereto as **Exhibit 1** (the "Confirmation Hearing Notice"), satisfies the requirements of due process with respect to all Holders of Claims and Equity Interests.

        E.      The forms of Ballot for Classes 3 and 4, substantially in the form attached hereto as **Exhibit 2**: (i) are sufficiently consistent with Official Form B314; (ii) adequately address the particular needs of the Chapter 11 Case; and (iii) are appropriate for the Voting Classes.

        F.      The voting instructions and procedures attached to the Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

G.      Ballots need not be provided to Holders of Unclassified Claims, or to Holders of Priority Non-Tax Claims, Secured Claims, Section 510(b) Claims, or Equity Interests in Classes 1, 2, 5 and 6, respectively, as such Non-Voting Classes are either Unimpaired or are conclusively presumed to have accepted or rejected the Plan in accordance with sections 1126(f) and (g) of the Bankruptcy Code:

| **Class** | **Type** | **Status Under Plan** | **Voting Status** |
| --- | --- | --- | --- |
| Class 1 | Priority Non-Tax Claims | Unimpaired | Presumed to Accept |
| Class 2 | Secured Claims | Unimpaired | Presumed to Accept |
| Class 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4 | Governmental Contract Claims | Impaired | Entitled to Vote |
| Class 5 | Section 510(b) Claims | Impaired | Deemed to Reject |
| Class 6 | Equity Interests | Impaired | Deemed to Reject |

H.      The period during which the Debtor may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Classes to make informed decisions to accept or reject the Plan, and submit their Ballots in a timely fashion.

I.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Disclosures in the Plan are approved on an interim basis as containing adequate information under Bankruptcy Code Section 1125 for solicitation purposes. Any objections to the adequacy of the information contained in the Disclosures are expressly reserved for consideration at the Confirmation Hearing (as defined below).

3. The Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit 1,** is approved, and by no later than **October 3, 2022**, the Debtor shall commence service to provide all known creditors and equity security holders with a copy of this Order, excluding the exhibits annexed hereto, and the Confirmation Hearing Notice, including (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Case, (ii) state and local taxing authorities for all jurisdictions in which the Debtor did business, (iii) the Internal Revenue Service, (iv) the United States Attorney for the District of Delaware, (v) holders of Claims or Equity Interests whether in the Voting Classes or in the Non-Voting Classes, (vi) the United States Trustee, (vii) counsel to the Committee, and (viii) all persons or entities listed on the Debtor's creditor mailing matrix.

4. The forms of Ballot, in substantially the form attached hereto as **Exhibit 2,** are approved, and by no later than **October 3, 2022**, the Debtor shall commence service to provide a copy of the appropriate form of Ballot to all known Holders of Claims in Classes 3 and 4.

5. The cover letter, in substantially the form attached hereto as **Exhibit 3** (the "Cover Letter"), is approved. The Debtor is authorized, but are not required, to serve the Cover Letter all Holders of Claims and Interests in Classes 3 and 4.

6. The form of Unimpaired Non-Voting Status Notice, in substantially the form attached hereto as **Exhibit 4**, is approved, and by no later than **October 3, 2022**, the Debtor shall commence service to provide the Non-Voting Classes, including Holders of Allowed Administrative Expenses and Priority Tax Claims, with a copy of notice of Unimpaired Non-Voting Status Notice.

7. The form of Impaired Non-Voting Status Notice, in substantially the form attached hereto as **Exhibit 4**, is approved, and by no later than **October 3, 2022**, the Debtor shall commence service to provide all Holders of Claims and Interests in Class 6 with a copy of the notice of Impaired Non-Voting Status.

8. Exhibit 5 Notice of Nonvoting Status in substantially the form attached hereto as **Exhibit 5**, is approved and by no later than **October 3, 2022**, the Debtor shall commence service to provide all Holders of Claims and Interests in Classes 1, 2, 5, and 6.

9. The form of Notice to Disputed Claim Holders, in substantially the form attached hereto as **Exhibit 6**, is approved and by no later than **October 3, 2022**, the Debtor shall commence service to provide all Holders of Claims and Interests in Class 5 whose Claims are the subject of an objection on the Voting Record Date with a copy of the notice of Notice to Disputed Claim Holders.

10. The service of the Confirmation Hearing Notice and the Solicitation Approval Notice as contemplated herein satisfies the requirements of due process with respect to all Holders of Claims and Equity Interests, whether known or unknown.

11. Pursuant to Bankruptcy Rule 3017(d), **September 28, 2022** (the "Voting Record Date"), shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Materials and, where applicable, vote on the Plan.

12. No later than **October 3, 2022**, the Debtor shall commence service of the following documents upon the Voting Classes:

a. the Plan and all other exhibits annexed thereto;

b. this Order, including a Ballot to accept or reject the Plan along with a return envelope, and those other documents approved by the Court hereto as set forth herein; and

c. such other materials as the Court may direct or approve, including any supplemental solicitation materials the Debtor may file with the Court.

(collectively, the "Solicitation Materials").

13. No later than **October 3, 2022**, the Debtor shall commence serving those other documents approved by the Court hereto upon other Holders of Claims and Interests and other parties in interest as set forth herein. Such materials, including (a) the Confirmation Hearing Notice and (b) the Unimpaired Non-Voting Status Notice, the Impaired Non-Voting Status Notice, or the Notice to Disputed Claim Holders, shall be for information purposes only and not for solicitation since such Creditors and Interest Holders shall not be entitled to vote on the Plan or shall be deemed to have accepted or rejected the Plan, as applicable. The notice to Non-Voting Classes is hereby approved.

14. The Debtor may file a supplement to the Plan no later than **October 21, 2022.**

15. In order to be counted as votes to accept or reject the Plan, Ballots must be properly executed, completed and delivered by (a) first class mail; (b) courier; or (c) the Voting Agent's online Ballot submission portal at https://balloting.stretto.com/; or (d) personal delivery, to the Voting Agent so that the Ballots are actually received no later than **October 28, 2022 at 4:00 p.m. (prevailing Eastern time)**,[3] unless extended by the Debtor in writing, after consultation with the Committee (the "Voting Deadline").

---

[3] Unless noted otherwise, all times referenced herein reference prevailing Eastern time.

16. Ballots transmitted by facsimile, e-mail, or other electronic means will not be counted.

17. In tabulating votes, the following procedures shall be used to determine the voting amount for each Voting Claim:

a. The amount of the Claim listed in the Debtor's schedules of assets and liabilities; unless (i) such Claim is scheduled but listed (x) as contingent, unliquidated, undetermined, or disputed or (y) in the amount of $0.00, (ii) a Proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law), (iii) such Claim has been satisfied by the Debtor, (iv) a Proof of Claim has been asserted in the amount of $0, or (iv) such Claim has been resolved pursuant to a stipulation or order entered by the Court.

b. The undisputed, non-contingent and liquidated amount specified in a Proof of Claim timely filed with the Court (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim filed on or before the Voting Deadline and is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

c. If a Proof of Claim timely filed with the Court (or otherwise deemed timely filed by the Court under applicable law) has been amended by a later Proof of Claim filed on or before the Voting Deadline, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended claim.

d. If a Proof of Claim has been timely filed with the Court (or otherwise deemed timely filed by the Court under applicable law) and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

e. If a claim is proposed to be treated as Allowed under the Plan, such claim is allowed for voting purposes in the deemed Allowed amount set forth in the Plan.

f. If a claim is temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018, such claim is allowed for voting purposes in the amount permitted by the Court's order.

g. Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown, or uncertain amount that is not the subject of a claim objection filed on or before the Voting Deadline as well as claims scheduled as contingent, unliquidated, or disputed (without a corresponding filed claim) shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed

a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate Claim amount requirement of Bankruptcy Code Section 1126(c) has been met.

h.  Except as otherwise provided in subsection (c) hereof, if a Creditor casts a Ballot and has timely filed a Proof of Claim (or has otherwise had a Proof of Claim deemed timely filed by the Court under applicable law), but the Creditor's Claim is the subject of a claim objection filed by the Voting Deadline, that the Creditor's Ballot shall not be counted.

i.  Notwithstanding subsection (h) hereof and except as otherwise provided in subsection (c) hereof, if the Debtor has requested by motion at least twelve (12) business days prior to the Confirmation Hearing that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to a claim objection to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtor and/or in the requested category, unless otherwise ordered by the Court.

18. The following procedures and standard assumptions shall be utilized in tabulating the votes to accept or reject the Plan (the "Tabulation Procedures"):

a.  For purposes of the numerosity and amount requirements of Bankruptcy Code Section 1126(c), to the extent that it is possible to do so for the Voting Classes, separate Claims held by a single Creditor against the Debtor in the Voting Classes will be aggregated as if such Creditor held a single Claim against the Debtor in such Voting Classes, and the votes related to those Claims shall be treated as a single vote on the Plan.

b.  Creditors with multiple Claims within the Voting Classes must vote all such Claims in the Voting Classes to either accept or reject the Plan, and may not split their vote(s). Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Classes will not be counted.

c.  In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date.

d.  The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot or the Ballot is accepted through the Voting Agent's online Ballot submission portal on the Voting Agent's website.

e.  If a Holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline shall supersede and revoke any earlier received Ballot, and only the last Ballot received before the Voting Deadline shall be counted.

f.  If a Holder of a Claim casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day in the case of mailed submissions, but which are voted inconsistently, such Ballots shall not be counted.

g.      If a Holder of a Claim submits a duplicate paper Ballot and an electronic Ballot (as provided for using the E-Ballot platform on the Voting Agent's website), only the electronic Ballot will be counted.

h.      Any Holder of a Claim that has delivered a valid Ballot may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

i.      Subject to any contrary order of the Court, the Debtor, after consultation with the Committee, reserves the right to reject any and all Ballots that are not in proper form.

j.      Subject to any contrary order of the Court, the Debtor reserves the right to waive any defects, irregularities, or conditions of delivery as to any particular Ballot, including failure to timely file such Ballot. Any waiver by the Debtor of defects or irregularities in any Ballot will be detailed in the Voting Declaration.

k.      Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Court) determines, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

l.      Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any such party incur any liability for failure to provide such notification. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted (except as set forth in subsection (j) above).

m.      If no Holders of Claims eligible to vote in the Voting Classes vote to accept or reject the Plan, the Plan and will be deemed accepted by the Holders of such Claims in such Class.

n.      The following Ballots shall not be counted in determining acceptance or rejection of the Plan:

   (i)      any Ballot that does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan;

   (ii)     any Ballot received after the Voting Deadline, except in the Debtor's discretion (after consultation with the Committee), or by order of this Court;

   (iii)    any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

   (iv)    any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor;

   (v)     any Ballot that partially accepts, or partially rejects, the Plan;

(vi)  any Ballot cast by a Person or Entity that does not hold a Claim in the Voting Classes;

(vii)  any unsigned Ballot or Ballot without an original signature, except in the Debtor's discretion; provided, however, for the avoidance of doubt, a Ballot submitted via the Voting Agent's online portal shall be deemed to contain an original signature; and

(viii)  any Ballot transmitted to the Voting Agent by facsimile, e-mail, or other electronic means, unless otherwise permitted.

19. On or before **November 1, 2022**, the Voting Agent will file a signed declaration setting forth the final voting results and methodology used to tabulate the votes (the "Voting Declaration"). The Voting Declaration will also include copies of all ballots received.

20. Objections to final approval and confirmation of the Plan on any ground, including adequacy of the Disclosures therein, if any, must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, no later than **November 1, 2022 at 4:00 p.m.**, and (iv) and a copy must served upon: (a) counsel to the Debtor: counsel to the Debtor: Jeffrey R. Waxman, Esquire and Sarah M. Ennis, Esquire at jwaxman@morrisjames.com and sennis@morrisjames.com, respectively  (b) counsel to the Committee, David Posner, Esquire and Gianfranco Finizio, Esquire at dposner@kilpatricktownsend.com and gfinizio@kilpatricktownsend.com, and Thomas J. Francella, Jr. (tfrancella@cozen.com), Thomas M. Horan (thoran@cozen.com), and Frederick E. Schmidt, Jr. (eschmidt@cozen.com); and (c) counsel to the Office of the United States Trustee, Hannah McCollum, Esquire at Hannah.McCollum@usdoj.gov. Unless an objection is timely Filed and served, it may not be considered by the Bankruptcy Court at the Confirmation Hearing.

13808854/1

21. No later than **November 3, 2022 at noon** any party in interest may file a brief in support and submit any evidence in support of confirmation of the Plan, as well as respond to any objections or responses filed in opposition to the Plan.

22. The Bankruptcy Court shall conduct the Confirmation Hearing for (i) final approval of the Plan and (ii) confirmation of the Plan. The Confirmation Hearing is hereby scheduled for **November 8, 2020 at 10:00 a.m.** The Confirmation Hearing may be continued from time to time by the Debtor, after consultation with the Committee. If the Confirmation Hearing is adjourned, the Debtor will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Plan.

23. The Debtor is authorized to make non-substantive and ministerial changes to any notices, packages or documents approved hereunder, including those in the Solicitation Materials, without further approval of the Court prior to their dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Plan and any other notices, packages or documents approved hereunder, including those in the Solicitation Materials, prior to their distribution.

24. The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

25. The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

Dated: September 30th, 2022  
Wilmington, Delaware

BRENDAN L. SHANNON  
UNITED STATES BANKRUPTCY JUDGE